UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-8780-Civ-Ryskamp/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JACQUELINE BROWN,

    Defendant.
_____/



FILED by ___ D.C.

NOV 19 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 21) from United States District Judge Kenneth L. Ryskamp "for all pre-trial matters, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation to this Court." Pending before the Court is Defendant's Rule 60(b) Motion to Vacate Consent Judgment (DE 14, 15), filed August 21, 2009. Plaintiff filed a Response (DE 19) on September 14, 2009. Defendant filed a Reply (DE 22) on November 4, 2009. This matter is ripe for review.

## BACKGROUND

On August 24, 2000, Plaintiff filed a complaint alleging that Defendant had defaulted on federally guaranteed student loans (DE 1). On October 23, 2000, a return of service was filed showing that Defendant was personally served with the complaint and summons on October 16, 2000 (DE 4). On December 12, 2000, the Court entered a final judgment by consent, signed by both parties, wherein Defendant agreed to entry of a judgment in the sum of $12,471.04 (representing a principal sum of $7,474.73, plus pre-judgment interest of $4,996.31), plus all interest accruing thereafter until paid in full (DE 6). Following entry of final judgment, the case was closed (DE 7).

Over eight years later, Defendant requested a hearing (DE 9). In response, the Court entered an order granting the parties an opportunity to file motions stating the nature of the relief requested and the reasons for a hearing (DE 11). Defendant responded by filing the instant motion to vacate the final consent judgment (DE 14, 15).

## PARTY CONTENTIONS

### Defendant's Motion[1]

Defendant moves the Court to vacate the final judgment "and order an expanded discovery, allowing the defendant constitutional protections and fair opportunity to copy, inspect and contest any and all records authenticating the debt before holding a constitutionally protected hearing void of any due process violations." Defendant asserts that "[t]he procedure utilized by the government in this case leading up to the confessed judgment and execution does not comply with due process standards whereby there was 'not' an understanding and voluntary consent of the debtor in signing the document" (emphasis in original). Defendant claims that she did not receive notice or have the chance to inspect or contest the loan documents, and alleges that Plaintiff has "not sustained [its] burden of proof with respect to the lack of valid consent in the execution of the promissory notes nor the original Savings and Loan." Defendant argues that she "signed the consent judgment under duress not understanding the illegal procedure being employed by the government." Instead, she "received a one page document entitled 'Final Consent Judgment' with no other accompanying documents for a hearing of any sort." As such, Defendant "felt that she had no other choice but to

---

[1] The Court recognizes that Defendant is not represented by counsel. Thus, her pleadings and arguments will not be held to the standard of a practicing attorney, but will be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

sign the decree or face serious consequences from the government" and argues that the "record cannot be established that [she] participated in discovery and meaningful due process [was] afforded." Defendant asserts that "[w]here the government acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by Law, the judgment is void."

### Plaintiff's Response

Plaintiff responds with a number of arguments. First, Plaintiff contends that Defendant's motion, filed nearly nine years after entry of final judgment, should be denied as untimely. Second, Plaintiff asserts that Defendant has not shown that her debt has been fully satisfied and, in fact, she has only made one payment of $1,361.80 to date. Third, Plaintiff argues that any attempt by Defendant to state a cause of action against the government for taking her property without due process must be denied because she failed to exhaust administrative remedies as required by first filing an administrative claim with the U.S. Department of Education. Fourth, Plaintiff maintains that Defendant's vague motion fails to set forth any factual details in support of her claims of duress and government misconduct. Fifth, Plaintiff points to the return of service filed in the case as establishing personal service of the complaint and summons on Defendant. Plaintiff proffers that this documentary evidence defeats Defendant's claim of having no knowledge of the case. Plaintiff notes that Defendant signed the final consent judgment on November 22, 2000, over one month after being served with the complaint. Thus, Plaintiff argues, Defendant had ample time seek legal advice, request documents, or engage in discovery, but she did nothing. Sixth, Plaintiff maintains that Defendant's conclusory allegation that she did not understand what she was signing when she executed the final consent judgment is not a proper basis to vacate the judgment because, as a signatory to a contract, it was her responsibility not to sign if she did not understand the agreement.

Defendant's Reply

In the Reply, Defendant claims to rely solely on Rule 60(b)(4)-(6) as grounds for the relief she seeks. Defendant argues that she was never served with process on October 16, 2000, and that Plaintiff's assertions to the contrary constitute a fraud upon the court. In an attached oath, Defendant states that she does "not remember being served with a lawsuit" and "never received service of process by the government that a lawsuit was pending against me, and the first time I knew that I was in debt for a student loan was when I was mailed a consent final judgment." Defendant argues that she "was deliberately and intentionally kept out of the process until the government sent the final consent judgment, (had her over a barrel) with no counsel, no choices but to sign the decree." Defendant maintains that because jurisdiction was not perfected by proper service, the final consent judgment is void. She maintains that because she did not receive proper notice and had no prior knowledge of owing money to the government, she signed the consent judgment while under duress. She states that "[u]pon receiving the consent final decree from the government she panicked. Especially at the amount of money she owed."

DISCUSSION

The issue before the Court is whether Defendant is entitled to relief from the final judgment entered in this case. Federal Rule of Civil Procedure 60(b) provides six bases for relief from final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Rule 60(b) motions are committed to the district court's sound discretion and should be construed in order to do substantial justice, but "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). To this end, Rule 60(b) "must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Id. (citation omitted); see also Cano v. Baker, 435 F.3d 1337, 1339-40 (11th Cir. 2006) (observing the need to balance equitable considerations against the need for finality of judgments). Thus, to prevail, a party "must demonstrate a justification so compelling that the district court [is] required to vacate its order." Thompson v. Hicks, 213 Fed. Appx. 939, 941 (11th Cir. 2007) (quoting Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986)).

I.  TIMELINESS OF DEFENDANT'S MOTION

The Court first considers whether Defendant's motion was filed within a reasonable time after entry of the final judgment. A Rule 60(b) motion "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In determining whether a Rule 60(b) motion is filed within a reasonable time, courts consider if the opposing party has been prejudiced by the delay, and if the movant acted with due diligence or presents some good reason for failing to take action sooner. BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008); Armstrong v. The Cadle Co., 239 F.R.D. 688, 692 (S.D. Fla. 2007).

Here, the Court entered final judgment on December 25, 2000. Defendant filed her Rule 60(b) motion over eight and a half years later. This is untimely. Any motions seeking relief under

Rule 60(b)(1)-(3) must be filed within one year. Thus, Defendant is clearly time-barred from seeking relief under these three subsections. Defendant concedes this point.

As to the remaining three bases for relief relied upon by Defendant, set forth in Rule 60(b)(4)-(6), the Court considers whether Defendant acted with due diligence or offered some good reason for the eight and half year delay. Defendant offers no explanation at all, much less a good one, for the delay in bringing her Rule 60(b) motion. Undoubtedly, if Defendant had valid concerns about possible duress, improper service of process, inability to review pertinent documents, misconduct by Plaintiff, or lack of procedural due process, she would have voiced such concerns earlier. Yet, the case remained dormant for over eight and a half years. In light of Defendant's unexplained filing delay, the Court finds that Defendant did not file the motion within a reasonable time. Consequently, Defendant's Rule 60(b) motion should be denied as untimely.

## II.   MERITS OF DEFENDANT'S RULE 60(b) MOTION

Even were the Court to find Defendant's motion to be timely, her motion would still be denied because Defendant fails to demonstrate any meritorious justification for the Court to vacate its final consent judgment. Defendant relies on subsections (4), (5), and (6) of Rule 60(b). The Court will address each subsection in turn. Additionally, since a liberal construction of Defendant's *pro se* motion may be read as an attempt to invoke Rule 60(d), the Court will also briefly address this subsection.

Under Rule 60(b)(4), a court may relieve a party from a final judgment if the judgment is "void." Fed. R. Civ. P. 60(b)(4). A judgment may be rendered void by insufficient service of process upon a defendant. Service of process is one element of the procedure by which a court establishes jurisdiction over a defendant; "the core function of service is to supply notice of the

pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 671 (1996). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003). However, an important limitation on this general doctrine is that "a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance." Id.; see also Fed. R. Civ. P. 12(h).

Defendant argues that the final judgment is void because she did not receive service of process and, thus, the Court lacked jurisdiction to enter the judgment. This argument lacks merit. A certified return of service filed in the record indicates that a process server personally served the Defendant with a copy of the complaint and summons on October 16, 2000, at the same address she currently lists as her residence. Defendant presents no evidence, apart from her self-serving statements, showing that she was not served. In the absence of any corroborating evidence to support her claim of insufficient service of process and in light of the documented proof of service, the Court finds it highly doubtful that service of process was somehow improper or defective.

More importantly, Defendant waived her right to dispute personal jurisdiction or service of process by declining to raise any objection to service of process or personal jurisdiction during the time that elapsed between the time the complaint was filed and the case closed, or even shortly thereafter. To the contrary, the record shows that Defendant knew about the case and actively participated by signing the final consent judgment that was submitted to the Court on December 12, 2000. The final judgment expressly states that "[t]he defendant hereby acknowledges and accepts

7

service of the complaint filed herein." By failing to assert objections to service of process or personal jurisdiction in a Rule 12 motion, other initial pleading or general appearance, Defendant waived any such objections and, thus, her argument seeking to render the final judgment void for insufficient service of process or lack of jurisdiction is without merit.

Defendant also argues that the final judgment is void because she signed it under duress. Specifically, she claims that she was never served with process, had no prior knowledge of owing money to the government, and panicked at the amount of money she owed. As acknowledged by both parties, duress is characterized as "a condition of mind produced by an improper external pressure or influence that practically destroys the free agency of a party and causes him to do an act or make a contract not of his own volition." Herald v. Hardin, 95 Fla. 889, 891 (Fla. 1928). "Mere hard bargaining positions ... and the press of financial circumstances ... will not be deemed duress." Chouinard v. Chouinard, 568 F.2d 430, 434 (5th Cir.1978).[2] Here, Defendant admits that she signed the final judgment. There is no indication that Defendant was under duress or that Plaintiff pressured her to sign the final judgment. Plaintiff merely proposed a judgment that would fairly resolve the case; Defendant had plenty of time to consider the terms. Under these circumstances, the Court concludes that Defendant's attempt to void the final judgment on grounds of duress must fail.

Defendant's reliance on subsection Rule 60(b)(5) requires only brief comment. This subsection allows a court to relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged." Defendant presents no evidence showing that the final judgment in this case falls into any of these three categories. On the other hand, Plaintiff submits unrebutted

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

documentation showing that only one payment of $1,361.80 was made on Defendant's account approximately six years ago, which means that Defendant still owes over $18,500 in unpaid student loan debt. Thus, it is clear that Rule 60(b)(5) does not apply.

Defendant also relies on the catch-all provision of Rule 60(b)(6). "Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir. 2000). Rule 60(b)(6) "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)." United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala., 920 F.2d 788, 791 (11th Cir. 1991). Initially, the Court notes that because Defendant's challenges, which the Court has addressed above, fit more naturally under Rule 60(b)(4), relief under Rule 60(b)(6) is not available. But, even if it were, Defendant's vague and conclusory assertions do not present the type of extraordinary circumstances warranting such relief. First, there is no suggestion that the Defendant did not sign the final consent judgment. Second, as noted above, record evidence establishes that Defendant was personally served with process and had fair notice of the civil proceedings pending against her. Defendant's arguments to the contrary, supported only by her self-serving statements and made over eight years after entry of final judgment, simply do not rise to the level of extraordinary circumstances contemplated by Rule 60(b)(6).

Lastly, Defendant argues that the final judgment "was a product of fraud upon the court." A court may entertain an independent action to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Fraud upon the court" under Rule 60(d) embraces only " ... fraud which does or attempts to, defile the court itself... so that the [judiciary] cannot [properly decide the] cases that are presented for adjudication, and relief should be denied in the absence of such conduct."

Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir.1985) (quotation omitted). Defendant alleges that Plaintiff's failure to properly serve her with process and notify her of the suit against her constitute a fraud upon the court. It is axiomatic that Rule 60(d) relief is unavailable because it is undisputed that Defendant signed the final judgment, the Court has concluded that she did so knowingly and voluntarily, and the Court has found that she waived any claim of insufficient service of process.

## RECOMMENDATION TO THE DISTRICT COURT

This Court respectfully RECOMMENDS that the District Court DENY Defendant's Rule 60(b) Motion to Vacate Consent Judgment (DE 14, 15) as untimely, and because the circumstances Defendant identifies are legally insufficient to justify any Rule 60 relief from final judgment.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 19 day of November, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All parties and counsel of record